Hagan v. Gaskill.

JOHN HAGAN

v.

EDWIN A. GASKILL et al.

Hagan leased to Howard a shore front for ten years, with the right to build a pier thereon, by an instrument containing this clause: " In case of the destruction of said pier, or failure on the part of said Howard to keep the said pier in operation, or the *abandoning* of it, then this lease shall become null and void &c." Hagan recovered a *general* judgment against Howard, and Gaskill a *special* judgment by virtue of a mechanics lien on the pier which Howard erected.—*Held*, that a written surrender of all of his rights in the pier &c., executed after the recovery of these judgments by Howard to Hagan, without consideration, was not an " abandoning," within the meaning of the lease, and could not be used by Hagan to defeat Gaskill's lien on the pier, under his judgment.

*Mr. J. J. Crandall*, for complainant.

*Mr. George T. Ingham*, for defendants.

BIRD, V. C.

Hagan was the owner of a shore front, a portion of which he leased to Howard, with the right to build a pier thereon, extend-

---

---

ing into the Atlantic Ocean. The term was for ten years, at the rental value of $50 a year. The conclusion of the instrument was in these words :

"In case of the destruction of said pier, or failure on the part of the said George W. Howard to keep the said pier in operation, or the abandoning of it, then this lease shall become null and void, cease and determine; otherwise to remain in full force to the end of said term."

On the 7th day of September, 1886, the said Howard executed a paper-writing which, after reciting the agreement or lease by which he held the land whereon said pier stood, used these words :

"Know all men by these presents, that I, George W. Howard, the above-named lessee, do hereby abandon and yield up the above-described pier to the said John Hagan and his heirs."

Prior to the execution of the last-named instrument, Hagan recovered a large judgment against Howard, and so also did Gaskill, the defendant. Hagan's judgment was a *general* judgment, but Gaskill's was *special*, by virtue of the statute respecting mechanics liens. Gaskill advertised the pier for sale, by virtue of his special judgment. The bill was filed to restrain such sale. The bill sets forth many alleged irregularities in the proceedings at law in recovering the judgment upon the lien claim, and also sets forth the *abandonment* of the pier by Howard, as is expressed in the above quotation. An order to show cause why an injunction should not issue was allowed. Counsel have been fully heard. There never was any doubt in the mind of the court as to its duty to refrain absolutely from interfering with the common law proceedings, so far as any question could possibly arise as to methods or practice, whether regular or irregular, in the prosecution of the suit. The only question worthy of consideration was whether Howard, under the circumstances, could abandon his right to the pier under his lease so as to effectually defeat the lien of the judgment creditor. It is admitted that if such abandonment were effectual, it could be pleaded at law, but it is insisted that if that be so Hagan should be pro-

Hagan v. Gaskill.

tected in this court, and his property be preserved from the cloud which will be cast upon it by a sale. It may be, considering that the bill was filed to quiet title, that it was properly filed. I am not sure that the cases in New Jersey have gone quite so far, yet perhaps they have. Than about this I concern myself more about the effect of the alleged abandonment. This is not easy of solution. The real question is, Could Howard, under the circumstances, abandon a valuable legal right simply for the purpose of defeating his creditors? I think it will be conceded on every hand that he could not, if the agreement by which he held and enjoyed the right did not contain the clause "or the abandoning of it." Does this qualification change the legal rights of the parties? I think not. I think there is a great difference between abandon and surrender; between abandoning a right or thing and the surrender of such right or thing to another; between giving it up because it is regarded as utterly useless or valueless, and surrendering, assigning or transferring it to another as a valuable right or thing. When one surrenders a right or thing to another, by solemn agreement in writing, he certainly does not abandon it in the sense in which all understand the word "abandon."

But it is claimed that this contract between Hagan and Howard was purely a personal affair, and that Hagan had a right to abandon the pier at any time, and that upon such abandonment the lease or agreement was terminated, and Hagan as effectually entitled to the absolute and unqualified possession as though the whole term of ten years had expired. This is too broad a view, and I think must be qualified by the observations already made. It seems to me that if valuable legal rights can thus be abandoned, it would be a hopeless task for creditors to attempt to enforce their just claims, for if I am right in the foregoing remarks, the act of Howard amounts to nothing more than a *voluntary conveyance* of this property to Hagan. It was done evidently without consideration, and most plainly to prevent Gaskill from enforcing his lien.

But there is another consideration which it is impossible to overcome, that is, the effectual security of the lien itself, from

the time of filing, by virtue of the statute. This lien was filed long before the alleged abandonment. The rights thereby secured to the lien claimant were the rights of the owner; no more, no less. The owner could in no wise abridge or abandon them to the injury of the lien claimant. If all others should fail, this view must prevail. It seems to be my duty to advise an order denying the injunction and dismissing the order to show cause, with costs.